# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVON ALEXANDER, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 16-cv-1076-SMY |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Devon Alexander moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based upon the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015) (Doc. 1). The Court appointed the Federal Public Defender's Office to represent Alexander (Doc. 3) and Assistant Federal Public Defender Todd M. Schultz entered his appearance as counsel of record (Doc. 4).

Now pending before the Court is Schultz's Motion to Withdraw in which he asserts that Alexander has no meritorious basis for obtaining relief under *Johnson* (Doc. 5). The Government responded and agrees Schultz's Motion should be granted (Docs. 6, 7). Alexander also filed a Response (Doc. 9). For the following reasons, the Motion to Withdraw is **GRANTED** and Alexander's § 2255 Motion is **DISMISSED with prejudice**.

### Factual and Procedural Background

Petitioner Devon Alexander was charged in a five-count Indictment with one count of interference with commerce by violence, possession of a firearm in furtherance of a crime of violence, being a felon in possession of a firearm, possession of a firearm with an obliterated serial

number, and making a false statement (*see* Case No. 10-CR-30243, Doc. 13). Alexander entered a guilty plea on April 16, 2012 (*Id.* Doc. 117).

On July 19, 2012, the United States Probation Office filed a First Revision of the Presentence Investigation Report ("PSR") (*Id.* Doc. 117). According to the PSR, the Guidelines range for imprisonment was calculated to be 70-87 months. However, as there was a statutory maximum term of imprisonment of 60 months on Counts 5 and 6, the effective Guidelines range for those Counts was 60 months, pursuant to U.S.S.G. § 5G1.1(c)(1). As to Count 2, the statutory term of imprisonment was 84 months, to be imposed consecutively to any other term of imprisonment, pursuant to U.S.S.G. § 5G1.2(a) (*Id.*)

On July 27, 2012, based on its consideration of the 18 U.S.C. §3553(a) factors and the information contained in the PSR, including Alexander's criminal history, the Court sentenced Alexander within the advisory Guidelines range: 60 months on Counts 1,3,5,6 to be served concurrently, and 84 months on Count 2 to be served consecutively, for a total term of 144 months imprisonment (*Id.* Doc. 121). Alexander was also sentenced to 3 years of supervised release, ordered to pay restitution of $1,000.00 and a $500.00 special assessment (*Id.*). Judgment was entered on July 30, 2012 (Crim. Doc. 121). Alexander appealed his sentence which was affirmed by the Seventh Circuit Court of Appeals.

## Discussion

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal in which a defendant may complain of nearly any error, § 2255 may be used only to correct errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013). "Pursuant to § 2255, the district court has discretion to deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the

prisoner is entitled to no relief" *Id.* at 641-642 (citing *United States v. Kovic*, 830 F.2d 680 (7th Cir. 1987). However, an evidentiary hearing is warranted if "the petitioner alleges facts that, if proven, would entitle him to relief." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)) (internal quotations omitted). The Court finds that an evidentiary hearing is not warranted in this case as the existing record conclusively demonstrates that Alexander is not entitled to the relief he requests. *See* Rule 8(a) of Rules Governing Section 2255 Proceedings; *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Alexander argues that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015) applies to his case. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" was unconstitutionally vague and violates the Constitution's guarantee of due process. *Id.* at 2563. Under the ACCA as drafted at the time, if the offender had three or more prior convictions for a "serious drug offense" or a "violent felony," the ACCA increased his prison term to a minimum of 15 years and a maximum of life. *Id.* at 2555.

Alexander's Petition is subject to dismissal. First, the Petition is time-barred because it was filed more than a year after *Johnson* was decided. *See* 28. U.S.C. § 2255(f)(3). Moreover, the sentencing court did not designate Alexander an armed career criminal nor career offender; consequently, he did not receive an enhanced sentence based on 18 U.S.C. § 924(e)'s residual clause or § 4B1.2(a)'s residual clause.

Accordingly, Assistant Federal Public Defender Todd M. Schultz's Motion to Withdraw (Doc. 5) is **GRANTED**; Petitioner's Motion for Relief pursuant to 28 U.S.C. § 2255 (Doc 1) is **DENIED**; and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to

enter judgment accordingly.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. §2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012), *Tennard v. Dretke*, 542 U.S. 274, 281 (2004), *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the foregoing reasons, this Court has determined that Alexander has not stated any grounds for relief under § 2255 and that reasonable jurists would not find that conclusion debatable or wrong. Thus, Alexander has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

**IT IS SO ORDERED.**

**DATED: April 7, 2020**

**STACI M. YANDLE
United States District Judge**